# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **DARRELL HORTON,** as Temporary Administrator of the Estate of **MATTHEW DEAN HORTON**, <br><br> Plaintiff, <br><br> v. <br><br> **BERRIEN COUNTY, et al.**, <br><br> Defendants. | Civil Action No. 7:14-CV-00031-HL |
| **HIEDI MANCIL and ANTHONY MANCIL,** <br><br> Plaintiffs, <br><br> **v.** <br><br> **BERRIEN COUNTY, et al.**, <br><br> Defendants. | Civil Action No. 7:14-CV-00121-HL |
| **MATTHEW TERRY PRESCOTT,** Individually and as Temporary Administrator of the Estate of **KELLY MARIE PRESCOTT**, <br><br> Plaintiff, <br><br> v. <br><br> **BERRIEN COUNTY, et al.**, <br><br> Defendants. | Civil Action No. 7:14-CV-00029-HL |

| | |
|---|---|
| **KIMBERLY MICHELLE SUMMEY,** Mother and Natural Guardian of the Minor Children, MBH and SMH, <br><br> Plaintiff, <br><br> v. <br><br> **BERRIEN COUNTY, et al.**, <br><br> Defendants. | Civil Action No. 7:14-CV-00148-HL |

# ORDER

These cases are before the Court on the Motions to Exclude Opinions of Thomas Barker, filed by Defendants Berrien County, Walter M. Kegley, Jr., and Anthony W. Heath; Motions for Summary Judgment, filed by Defendants Berrien County, Walter M. Kegley, Jr., and Anthony W. Heath; and Motions for Summary Judgment, filed by Defendants Tift County, Floyd Cospelich, David E. Scarborough, and Robert Brannen.

For the reasons set forth below, the Motions for Summary Judgement are **GRANTED** with respect to Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and they are **DISMISSED WITHOUT PREJUDICE**. The Motions to Exclude Opinions of Thomas Barker are **DENIED** as moot.

## I.   FACTUAL BACKGROUND

This case arises out of a police pursuit of a fleeing suspect, Israel Timothy Rutland ("Rutland"), which ended in an accident involving Plaintiffs and their decedents on November 12, 2013.  (BCDSOMF ¶¶ 2, 20).[1]

### A.   Israel Timothy Rutland

Rutland was a criminal known to the Tift County Sheriff's Office with an extensive history of traffic violations, substance abuse, and running from law enforcement.  (TCDSOMF ¶¶ 2–4).[2]  In the eight days leading up to the collision at issue in this litigation, Rutland was convicted of DUI (TCDSOMF ¶ 3), fled police pursuit on three occasions (TCDSOMF ¶¶ 24, 61, 74), and had warrants issued for his arrest for Felony Aggravated Assault upon a Law Enforcement Officer and Felony Fleeing/Eluding a Police Officer (TCDSOMF ¶ 64).  In addition to the three pursuits in the days preceding the collision, Rutland fled police in June of 2004 and May of 2013.  (TCDSOMF ¶¶ 6, 13).  Rutland was driving with a suspended license at the time of this accident.  (TCDSOMF ¶ 2).

### B.   Tift County Defendants' Involvement

On November 12, 2013, Tift County law enforcement began actively searching for Rutland in an effort to arrest him on the outstanding warrants.  (TCDSOMF ¶ 66).  After a failed pursuit earlier in the day (TCDSOMF ¶¶ 69, 74),

---

[1] "BCDSOMF" refers to the Berrien County Defendants' Statement of Undisputed Material Facts.  The facts cited are those admitted by Plaintiffs.
[2] "TCDSOMF" refers to the Tift County Defendants' Statement of Undisputed Material Facts.  The facts cited are those admitted by Plaintiffs.

Lieutenant Floyd Cospelich ("Cospelich") spotted Rutland and began to follow him without activating his lights and siren (TCDSOMF ¶ 86). Cospelich notified Colonel Robert Brannen ("Brannen"), who instructed Cospelich to keep Rutland in sight until more units could get to the area. (TCDSOMF ¶ 85). When Brannen neared the vicinity where Cospelich was continuing to follow Rutland, he instructed Cospelich to "go ahead and try to stop Rutland because [they] were getting close to Enigma city limits." ((TCDSOMF ¶ 92 (internal citation omitted)). At that point, Cospelich activated his lights and siren. (TCDSOMF ¶ 93). Instead of stopping, Rutland accelerated. (TCDSOMF ¶ 93). Cospelich and other Tift County law enforcement officers pursued Rutland through the city of Enigma twice, and eventually onto Enigma-Nashville Road, heading towards the city of Nashville. (TCDSOMF ¶¶ 94–95, 97).

### C. Berrien County Defendants' Involvement

As the pursuit neared Berrien County, the Tift County Sheriff's Office contacted the Berrien County Sheriff's Department through dispatchers and asked for Berrien County's assistance. (BCDSOMF ¶ 3). The Tift County dispatcher advised the Berrien County dispatcher that Tift County law enforcement officers "[were] trying to catch up with a vehicle because they [had] outstanding warrants on [Rutland] for assault on a peace officer." (BCDSOMF ¶ 4).

In response to the Tift County Sheriff's Office's request for assistance, Lieutenant Walter Kegley ("Kegley"), of the Berrien County Sheriff's Department,

4

attempted to locate Rutland based on radio communication. (BCDSOMF ¶¶ 9–10). As Kegley drove south on Nashville-Enigma Road, he observed Rutland quickly approaching from behind, followed by several law enforcement vehicles. (BCDSOMF ¶ 11). Rutland passed the unmarked pickup truck that Kegley was driving, and the officers pursuing Rutland slowed to allow Kegley to proceed in front of them. (BCDSOMF ¶¶ 12, 14). Kegley accelerated to assist in the pursuit and followed Rutland for 45 seconds prior to the collision. (BCDSOMF ¶¶ 15, 22). During his pursuit, Kegley did not gain any ground on Rutland. (BCDSOMF ¶ 16).

### D.     Accident Involving Plaintiffs and Their Decedents

As the pursuit approached the intersection of Nashville-Enigma Road and Tifton Road, Kegley reduced his speed. (TCDSOMF ¶ 111; BCDSOMF ¶ 18). Rutland, almost half a mile ahead of Kegley and the other pursuing officers (BCDSOMF ¶ 21), ran the stop sign at the intersection and "violently struck" the Chevrolet Trail Blazer occupied by Plaintiffs and their decedents (BCDSOMF ¶ 112). As a result of the collision, Matthew Horton and Kelly Prescott were ejected and killed. (TCDSOMF ¶ 113). Hiedi Mancil survived the collision but suffered severe injuries. (TCDSOMF ¶ 113). On the date of the accident, Defendant David E. Scarborough ("Scarborough") was the Sheriff of Tift County and Defendant Anthony W. Heath ("Heath") was the Sheriff of Berrien County.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  In making this determination, the court must view all of the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor.  Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must show

6

the court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson, 477 U.S. at 257.

## III. ANALYSIS

The various complaints and amended complaints filed by Plaintiffs in these actions allege both federal law claims, arising under 42 U.S.C. § 1983, and state law claims, arising under Georgia law.

### A. Federal Law Claims

#### 1. Claims against Defendants Kegley, Cospelich and Brannen

Defendants Kegley, Cospelich, and Brannen personally participated in the pursuit of Rutland on November 13, 2012.  Plaintiffs allege that their personal involvement in the pursuit shows a conscience-shocking reckless disregard of proper law enforcement procedures, constituting a violation of Plaintiffs' and Plaintiffs' decedents' substantive due process rights under the Fourteenth Amendment.  As a result, Plaintiffs allege that these Defendants are liable under § 1983.  In response, Defendants argue that Kegley, Cospelich, and Brannen are entitled to qualified immunity.  The Court agrees.

"[Q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would

have known." Oliver v. Fiorino, 586 F.3d 898, 904 (11th Cir. 2009) (internal quotation marks omitted).  Qualified immunity protects officers acting within the scope of their discretionary authority at the time of their allegedly wrongful act. McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009).  If the officer was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show that a reasonable officer would have known that he was violating the plaintiff's constitutional or statutory rights.  Id.

A defendant acts within his discretionary authority when "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority."  Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988) (internal quotation marks omitted).  Courts "ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize."  Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004).  Plaintiffs do not dispute that Defendants Kegley, Cospelich, and Brannen were acting within their discretionary authority at the time they were pursuing Rutland.  (See Plaintiffs' Response to Berrien County Defendants' Motion for Summary Judgment, pp. 9–10; Plaintiffs' Response to Tift County Defendants' Motions for Summary Judgment, pp. 9–10).

Because these Defendants were acting within their discretionary authority, Plaintiffs have the burden to show: (1) that these Defendants engaged in conduct that violated Plaintiffs' rights under the Fourteenth Amendment; and (2) that their

conduct was prohibited by clearly established law. Plumhoff v. Rickard, 134 S.Ct. 2012, 2020 (2014). The United States Supreme Court has held that, when a law enforcement officer is charged with violating the Fourteenth Amendment by causing death "in a high-speed automobile chase aimed at apprehending a suspected offender . . . only a *purpose to cause harm* unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." County of Sacramento v. Lewis, 523 U.S. 833, 836 (1998) (emphasis added).

Here, Plaintiffs have not alleged, and there is no evidence to show, that Defendants Kegley, Cospelich, or Brannen had a purpose to cause harm to anyone, including Rutland, Plaintiffs, or their decedents, outside the legitimate object of Rutland's arrest. Rather, Plaintiffs allege that these Defendants engaged in conduct that shows a "reckless disregard of proper law enforcement procedures," which "shocks the conscience." While the Supreme Court left open the possibility that some forms of deliberate indifference might rise to the level of "conscience shocking," that is not the case for the circumstances presented here. Lewis, 523 U.S. at 849. The Supreme Court was clear that the "deliberate indifference" standard applies only when actual deliberation is practical. Id. at 851. Deliberation is not practical when law enforcement is deciding whether to pursue a suspected criminal:

> A police officer deciding whether to give chase must balance on one hand the need to stop a suspect and show that flight from the law is no way to freedom, and, on the other, the high-speed threat to all

9

> those within stopping range, be they suspects, their passengers, other drivers, or bystanders. To recognize a substantive due process violation in these circumstances . . . would be to forget that liability for deliberate indifference to inmate welfare rests upon the luxury enjoyed by prison officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations . . . . [W]hen unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates "the large concerns of the governors and the governed."

Id. at 853.

Unlike prison officials, Defendants Kegley, Cospelich, and Brannen were all faced with circumstances "calling for fast action," which did not allow for time to make unhurried judgments, or the opportunity to reflect repeatedly on their decision to pursue Rutland. Id. at 853. As a result, the standard for Fourteenth Amendment liability under § 1983 is a purpose to cause harm. Because Plaintiffs have not alleged, and there is no evidence to show, that these Defendants acted with a purpose to cause harm to anyone, they cannot meet their burden to prove that these Defendants engaged in conduct that violated Plaintiffs' and Plaintiffs' decedents' rights under the Fourteenth Amendment. Accordingly, Defendants Kegley, Cospelich, and Brannen are entitled to qualified immunity. Summary judgment is granted with respect to Plaintiffs' § 1983 claims against Defendants Kegley, Cospelich, and Brannen.

      2.    Claims against Defendants Heath and Scarborough

Plaintiffs allege that Defendants Heath and Scarborough, as Sheriffs of their respective counties, are liable in their individual capacities under § 1983 for

the violations to Plaintiffs' and Plaintiffs' decedents' constitutional rights. Specifically, Plaintiffs allege that these Defendants (1) implemented policies and/or customs that led to the violation of rights, and (2) failed to train their deputies, leading to the violation of rights. "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Hardin v. Hayes, 957 F.2d 845, 849 (11th Cir. 1992). "They may, however, be liable under section 1983 when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396–97 (11th Cir. 1994) (internal quotation marks omitted).

Where, as here, there is no underlying constitutional violation, supervisory officials cannot be held liable under § 1983. See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009) (stating that "claims under a theory of supervisory liability fail [if] the underlying § 1983 claims fail"). Here, the Court has held that Plaintiffs' and Plaintiffs' decedents' constitutional rights were not violated, because the law enforcement officials who were personally involved in Rutland's pursuit are entitled to qualified immunity. Accordingly, Plaintiffs cannot state a claim for supervisory liability against Defendants Heath and Scarborough. Summary judgment is granted with respect to Plaintiffs' § 1983 claims against Defendants Heath and Scarborough.

### 3. Claims Against Berrien County and Tift County

Plaintiffs allege that Defendants Berrien County and Tift County (1) failed to implement a proper policy or custom governing high speed pursuits and (2) failed to "properly and adequately train" law enforcement officers. These failures resulted in alleged violations of the constitutional rights of Plaintiffs and their decedents. Thus, Plaintiffs contend that the counties are liable under § 1983.

A county may not be held liable under § 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A county is liable only for acts for which it is responsible. Turquitt v. Jefferson County, 137 F.3d 1285, 1287 (11th Cir. 1998) (en banc). The Eleventh Circuit has held that a county is not liable "for the actions of a sheriff over whom it had no supervisory or administrative control." Id. at 1292. Indeed, there is no cause of action against local governments under § 1983 for acts of those whom the local government has no authority to control. Id.

Berrien County and Tift County have no authority over the sheriffs of their counties or the sheriffs' deputies. See Grech v. Clayton County, Georgia, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) ("In Georgia, a county has no authority and control over the sheriff's law enforcement function"). There is no evidence that policies, customs, or practices of Berrien or Tift County resulted in the alleged violations of Plaintiffs' or Plaintiffs' decedents' constitutional rights. Thus, these counties cannot be held liable under § 1983 for any defective training or policies regarding the sheriff or deputies, or for any of their actions.

Accordingly, summary judgment is granted with respect to Plaintiffs' § 1983 claims against Defendants Berrien County and Tift County.

### B. State Law Claims

Plaintiffs initiated this action pursuant to 42 U.S.C. § 1983, a federal claim over which this Court has original subject matter jurisdiction. 28 U.S.C. § 1331. In their complaints and amended complaints, Plaintiffs also assert state law negligence claims. While the Court maintains the authority to exercise supplemental jurisdiction over related state law claims, the Court may decline to do so where the claims over which the Court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3); see also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging district courts to dismiss any remaining state claims when federal claims are dismissed prior to trial). As explained above, Plaintiffs' claims under § 1983, the sole claims over which the Court may exercise original jurisdiction, are dismissed. The Court elects not to exercise supplemental jurisdiction over the remaining state law claims. Therefore, those claims are dismissed without prejudice.

### C. Motion to Exclude

In light of the above rulings, no claims remain pending before this Court. Accordingly, the Motions to Exclude Testimony of Thomas Barker, filed by Defendants Berrien County, Walter M. Kegley, Jr., and Anthony W. Heath, are denied as moot.

## IV. CONCLUSION

### A. DARRELL HORTON, as Temporary Administrator of the Estate of MATTHEW DEAN HORTON, Plaintiff, v. BERRIEN COUNTY, et al., Defendants (Civil Action No. 7:14-CV-00031-HL)

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 98) is **GRANTED** with respect to Plaintiff's federal law claims. The Motion for Summary Judgment filed by Defendants Robert Brannen, Jr., Floyd Cospelich, David E. Scarborough, and Tift County (Doc. 99) is **GRANTED** with respect to Plaintiff's federal law claims. The Court declines to exercise jurisdiction over Plaintiff's state law claims, which are **DISMISSED WITHOUT PREJUDICE**. The Motion to Exclude Opinions of Thomas Barker filed by Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 91) is **DENIED** as moot.

### B. HIEDI MANCIL and ANTHONY MANCIL, Plaintiffs, v. BERRIEN COUNTY, et al., Defendants (Civil Action No. 7:14-CV-00121-HL)

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 74) is **GRANTED** with respect to Plaintiffs' federal law claims. The Motion for Summary Judgment filed by Defendants Robert Brannen, Jr., Floyd Cospelich, David E. Scarborough, and Tift County (Doc. 75) is **GRANTED** with respect to Plaintiffs' federal law claims. The Court declines to exercise jurisdiction over Plaintiffs' state law claims, which are **DISMISSED WITHOUT PREJUDICE**. The

Motion to Exclude Opinions of Thomas Barker filed by Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 67) is **DENIED** as moot.

### C. MATTHEW TERRY PRESCOTT, Individually and as Temporary Administrator of the Estate of KELLY MARIE PRESCOTT, Plaintiff, v. BERRIEN COUNTY, et al., Defendants (Civil Action Number 7:14-CV-00029-HL)

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 103) is **GRANTED** with respect to Plaintiff's federal law claims. The Motion for Summary Judgment filed by Defendants Robert Brannen, Jr., Floyd Cospelich, David E. Scarborough, and Tift County (Doc. 104) is **GRANTED** with respect to Plaintiff's federal law claims. The Court declines to exercise jurisdiction over Plaintiff's state law claims, which are **DISMISSED WITHOUT PREJUDICE**. The Motion to Exclude Opinions of Thomas Barker filed by Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 96) is **DENIED** as moot.

### D. KIMBERLY MICHELLE SUMMEY, Mother and Natural Guardian of the Minor Children, MBH and SMH, Plaintiff, v. BERRIEN COUNTY, et al., Defendants (Civil Action Number 7:14-CV-00148-HL)

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 62) is **GRANTED** with respect to Plaintiff's federal law claims. The Motion for Summary Judgment filed by Defendants Robert Brannen, Jr., Floyd Cospelich, David E. Scarborough, and Tift County (Doc. 63) is **GRANTED** with respect to Plaintiff's federal law claims. The Court declines to exercise jurisdiction over

Plaintiff's state law claims, which are **DISMISSED WITHOUT PREJUDICE**.  The Motion to Exclude Opinions of Thomas Barker filed by Berrien County, Anthony W. Heath, and Walter M. Kegley, Jr. (Doc. 57) is **DENIED** as moot.

     **SO ORDERED**, this the 1st day of June, 2016.

                                              */s/ Hugh Lawson*
                                              **HUGH LAWSON, SENIOR JUDGE**

les